| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**NORRIS, McLAUGHLIN & MARCUS, P.A.**<br>Morris S. Bauer, Esq.<br>Joseph R. Zapata, Jr., Esq.<br>Attorneys for the Debtor/Debtor-In-Possession<br>721 Route 202-206, Suite 200<br>P.O. Box 5933<br>Bridgewater, New Jersey 08807<br>(908) 722-0700 | |
| In Re:<br><br>PARADIGM EAST HANOVER, LLC,<br><br>                             Debtor. | Case No.:   14-25017 (DHS)<br><br>Judge:      Hon. Donald H. Steckroth<br><br>Chapter:   11 |

**VERIFIED MOTION OF PARADIGM EAST HANOVER, LLC FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO SELL REAL PROPERTY TO AVALONBAY COMMUNITIES, INC. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §363**

Paradigm East Hanover, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through counsel, Norris, McLaughlin & Marcus, P.A., respectfully submits this motion for entry of an Order authorizing the Debtor to sell real property located at Block 99, Lot 4.02, East Hanover, New Jersey to AvalonBay Communities, Inc. free and clear of liens, claims and interests pursuant to 11 U.S.C. § 363 (the "Motion") and respectfully represents as follows:

**JURISDICTION**

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested in this Motion is 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

4. The Debtor is a limited liability company under the laws of the State of New Jersey. The Debtor owns real property identified as Block 99, Lot 4 a/k/a 11 Mt. Pleasant Avenue, East Hanover, NJ 07936 ("Lot 4"), Block 99, Lot 4.02 a/k/a 3 Farinella Drive, East Hanover, NJ 07936 ("Lot 4.02"), and Block 99, Lot 5.01 a/k/a 33 Mt. Pleasant Avenue, East Hanover, NJ 07936. 77 Charters, Inc. ("Charters") maintains a 20% interest in all three lots (the "Lots").

5. On July 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in order to preserve the value of its assets for the benefit of all of its creditors and other parties in interest.

6. The Debtor continues to manage its property and financial affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, or statutory creditors' committee has been appointed to date in this chapter 11 case.

**Lot 4.02**

8. On December 2, 2010, a tax sale was conducted and a tax sale certificate was issued in connection with taxes assessed as due and owing on Lot 4.02 for the tax year 2009.

2

The tax sale certificate for Lot 4.02 (the "Lot 4.02 Tax Sale Certificate") was purchased by Gustave T. Dotoli ("Dotoli") for $64,631.64 carrying an interest rate of 18%.

9. On May 9, 2013, Dotoli filed a tax sale foreclosure complaint in connection with the Lot 4.02 Tax Sale Certificate. A judgment has not been entered in connection with the Lot 4.02 Tax Sale Certificate.

10. As of the Petition Date, the redemption amount on the Lot 4.02 Tax Sale Certificate approximated $428,199.65.

**Purchase and Sale Contract**

11. On September 30, 2014, an order was entered by the Court authorizing the Debtor to retain Tannenbaum, Helpern, Syracuse & Hirschtritt, LLP as special real estate counsel to the Debtor to assist in the sale of the Lots.

12. On or about December 2, 2014 (the "Effective Date"), the Debtor and AvalonBay Communities, Inc. ("AvalonBay" or the "Buyer") entered into a Purchase and Sale Contract (the "Contract") for the purchase by Buyer of Lot 4.02 from the Debtor. A copy of the Contract is annexed hereto as Exhibit A.

13. The purchase price is $5,000,000 with a deposit being provided in the form of an irrevocable letter of credit in the amount of $500,000.

14. The Contract provides that in the event Bankruptcy Court approval is not obtained within sixty (60) days of the Effective Date, either party may terminate the Contract.

15. The Buyer has a ninety (90) day due diligence period (the "Due Diligence Period") commencing on the first day after the Contract has been granted final, non-appealable approval by the Bankruptcy Court. Buyer may terminate the Contract for any reason during the Due Diligence Period. The Buyer may further terminate the contract within one year of the

expiration of the Due Diligence Period if certain approval contingencies are not met, as set forth in more detail in the Contract.

16. The proposed sale of Lot 4.02 will be free and clear of all liens, claims, interests and encumbrances with all valid liens, claims, interests and encumbrances to be paid at the closing. The only lien currently against Lot 4.02 is the Lot 4.02 Tax Sale Certificate held by Dotoli in the approximate amount of $428,199.65. The Debtor does intend to seek post-petition financing, which may be secured by a lien against Lot 4.02, to pay post-petition taxes for Lot 4.02 pending the closing on the Contract.

## **NOTICE OF SALE AND HIGHER AND BETTER OFFERS**

17. A copy of the Motion and notice of the return date is being provided to the Purchaser, as well as all known creditors of the Debtor.

18. The Debtor will accept all higher and better offers for Lot 4.02, up until the hearing date on the within Motion.

## **RELIEF REQUESTED AND BASIS THEREFOR**

19. The Debtor seeks the entry of an order pursuant to 11 U.S.C. § 363 authorizing the Debtor to sell Lot 4.02 to the Buyer free and clear of liens, claims, interests and encumbrances with all valid liens, claims, interests and encumbrances to be paid at closing.

**A.** **The Debtor Should Be Authorized to Sell Lot 4.02 Pursuant to Section 363(b) of the Bankruptcy Code**

20. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee [or debtor-in-possession], after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate."

21. Whether a use or sale of assets pursuant to section 363(b) of the Bankruptcy Code should be approved in a particular case is a matter addressed to the court's discretion, giving due

4

consideration to the sound business judgment of the proponent of the sale.  See In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Delaware & Hudson Railway Co., 124 B.R. 169, 175-76 (D. Del. 1991); In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

22.   The court should approve a sale under Section 363(b)(1) when there is a good business reason for the transaction, when the sale is for fair consideration and when the sale is made in good faith.  In re Abbotts Diaries of Pennsylvania, Inc., 788 F.2d 143, (3d Cir. 1986); In re Continental Airlines, Inc., 780 F.2d 1223 (5th Cir. 1986).  A debtor's showing of sound business judgment need not be unduly exhaustive.  Rather, a debtor is "simply required to justify the proposed disposition with sound business reason."  In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

23.   Here, the Debtor believes that the contemplated sale is in the best interests of its estate and its creditors.  The proposed sale will maximize the value of the Debtor's assets and provide in excess of $4.0MM after payment of Dotoli's lien and any liens/claims related to any post-petition financing for the benefit of the estate and its general unsecured creditors.  The Debtor submits that the Buyer is a good faith, arms-length purchaser who has made a fair and reasonable offer to purchase Lot 4.02.

24.   The Debtor believes that Buyer is paying the fair market value of Lot 4.02 based on prepetition attempts to market and sell the Lots.  More particularly, the Lots were initially owned by East Hanover Tarragon LLC ("Tarragon"), subject to a mortgage and security agreement with Paradigm Credit Corp. ("Paradigm Credit"), an affiliate of the Debtor.  Tarragon defaulted on its obligations to Paradigm Credit and on February 5, 2009, TDC Hanover Holdings, LLC, the sole member and manager of Tarragon and guarantor on the Loan, filed a petition for chapter 11 relief (the "TDC Bankruptcy Proceeding").  Pursuant to a settlement

5

agreement approved by the Bankruptcy Court, on or about October 22, 2009, Tarragon executed and delivered deeds in lieu of foreclosure transferring 80% ownership in the property to the Debtor, specifically established several months earlier to take title to the properties, and 20% ownership to Charters.

25. Through the pending TDC Bankruptcy Proceeding, both the national and local brokerage community were aware of the availability of the Lots. For this reason, there was no need on the part of Debtor or Paradigm Credit to retain a broker.

26. Numerous brokers engaged in discussions with the Debtor regarding prospective purchasers for the Lots, either together or standalone, including Lot 4.02. These brokers included Team Resources SBWE, Weichert and Chelsea Realty. Major home builders, such as AvalonBay, the prospective buyer herein, Toll Brothers and SunCal also made inquiries.

27. The Debtor received contingent offers for the Lots ranging from $6,000,000 to $9,000,000. The Debtor also received a third-party email expressing that a client may be prepared to submit a $15,000,000 offer, however, such offer was not formalized. The Debtor was also concerned with the approval, timing and building issues with each of these offers.

28. Prior to the Petition Date, the Debtor entered into a contract with Mount Pleasant Enterprises, LLC to purchase Lot 4 and Lot 5.01 for a purchase price of $8,700,000. This contract is currently the subject of discussions regarding an assignment to a replacement buyer and/or modification. The Debtor also entered into the subject Contract with AvalonBay for a purchase price of $5,000,000. These two contracts result in a total purchase price for the Lots aggregating approximately $13,700,000.

29. The Debtor believes in its business judgment based upon past offers and broker discussions that AvalonBay is paying fair value.

6

30. The Debtor will provide a copy of the subject motion to many of the brokers that made inquiry of the Debtor over the past year or so to see if there is a higher and better offer than that set forth in the contract.

**B.** **The Debtor Should Be Authorized to Sell Lot 4.02 Free and Clear of Liens, Claims and Interests with Valid Liens Attaching to the Sale Proceeds Pursuant to Section 363(f) of the Bankruptcy Code**

31. The Court may approve a sale free and clear of all property interests so long as one of the requirements of section 363(f) is satisfied. In re Elliott, 94 B.R. 343, 345 (E.D. Pa. 1981).

32. 11 U.S.C. § 363(f) provides in pertinent part:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

33. Section 363(f) of the Bankruptcy Code is in the disjunctive and only one of the five conditions needs to be met for approval of a sale. In re Charles H. Collins, Jr., 180 B.R. 447, 450 (Bankr. E.D. Va 1995).

34. In the present case, there will be sufficient funds from the sale to satisfy the lien and claim of Dotoli in full, including accrued post-petition interest, as well as any liens/claims in connection with anticipated post-petition financing, thus satisfying 11 U.S.C. § 363(f)(3). There will further be in excess of $4.0MM available for the benefit of the estate and the general unsecured creditors.

**C.     Buyer Should be Determined to be a Good Faith Purchaser Pursuant to Section 363(m) of the Bankruptcy Code**

35. There is no connection between Buyer and its principals and the Debtor and its principals.

36. There are no undisclosed agreements between such parties.

37. Buyer has offered fair value for Lot 4.02.

38. Buyer is thus entitled to the protections of 11 U.S.C. § 363(m) with respect to its purchase of Lot 4.02.

39. For the reasons set forth above, the Debtor respectfully submits that an order should be entered authorizing the Debtor to sell Lot 4.02 to the Buyer free and clear of liens, claims, interests and encumbrances with all valid liens, claims, interests and encumbrances.

## NOTICE

40. Notice has been provided to (i) the Office of the United States Trustee; (ii) Michael Schwartzberg, Esq., counsel for Gustave T. Dotoli; (iii) all creditors and parties in interest; and (iv) all other persons and entities that have requested notice pursuant to Fed. R. Bankr. P. 2002. The Debtor respectfully submits that such service constitutes good and sufficient notice.

41. The movant represents that the facts and circumstances set forth herein do not present novel questions of law, and, as such, respectfully requests that this Bankruptcy Court

waive the requirement of the filing of a memorandum of law in accordance with D.N.J. LBR 9013-1(b).

**WHEREFORE**, the Debtor respectfully requests the entry of the Order, in the form submitted simultaneously herewith, and for such further relief as the Court deems just and proper.

    Respectfully Submitted,

    NORRIS, McLAUGHLIN & MARCUS, PA
    Attorneys for Paradigm East Hanover, LLC


    By: /s/ Morris S. Bauer
        Morris S. Bauer

Dated: January 6, 2015

## VERIFICATION

David M. Kushner, of full age, hereby certifies and says:

1. I am the manager of PCF East Hanover LLC, the managing member of Paradigm East Hanover, LLC, the debtor and debtor-in-possession, and am fully familiar with the facts and circumstances set forth herein.

2. I have reviewed the factual information contained herein, and the same is true and accurate to the best of my knowledge and belief.

I hereby certify that the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
DAVID M. KUSHNER

Dated: January 6, 2015